**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

2016 MSPB 12

Docket No. SF-0752-15-0456-I-1

**Cedric D. Clay,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

March 2, 2016

Cedric D. Clay, Lacey, Washington, pro se.

Pamela J. Campbell and Stephen D. Funderburk, Joint Base
    Lewis-McChord, Washington, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the administrative judge's findings regarding the charges, VACATE the administrative judge's findings concerning nexus and the penalty, and REMAND the case to the regional office for further adjudication in accordance with this Opinion and Order.

## BACKGROUND

¶2      The agency removed the appellant on three charges: use of offensive language in the workplace; inappropriate contact with a coworker; and failure to follow instructions. Initial Appeal File (IAF), Tab 8, Subtabs 4e, 4h. The appellant filed a timely appeal in which he argued that the agency discriminated against him on the basis of his race and retaliated against him for filing a Board appeal in 2012.[1] IAF, Tab 1. After holding a hearing, the administrative judge affirmed the agency's action, finding that it proved its charges and established the required nexus between the appellant's misconduct and the efficiency of the service. IAF, Tab 25, Initial Decision (ID) at 3-12, 18. The administrative judge further found that the deciding official properly weighed the relevant *Douglas* factors and conscientiously considered the pertinent mitigating factors, such that, under the circumstances presented, the penalty of removal was within the bounds of reasonableness. ID at 18-21. She also found that the appellant failed to establish his affirmative defenses of race discrimination and retaliation for engaging in protected activity. ID at 12-16.

¶3      In his petition for review, the appellant cites a purported settlement offer as evidence that the agency wrongfully removed him.[2] Petition for Review (PFR) File, Tab 1 at 1. He asserts that his supervisor admitted to using offensive language as well, argues that removing him for such behavior is therefore harsh, and asks the Board to reconsider the penalty. *Id.* at 1-2. The appellant claims that his alleged inappropriate physical contact with a coworker was instead an honest accident, apologizes for bumping into the individual involved, and again

---

[1] In that appeal, the Board reversed the agency's prior removal action and reinstated the appellant with back pay. *Clay v. Department of the Army*, MSPB Docket No. SF-0752-12-0406-I-1, Initial Decision (July 24, 2012).

[2] It is well settled that settlement offers are inadmissible on the merits of a case and are entitled to no weight in determining whether a removal is appropriate. *See, e.g.*, *Cocchiara v. Department of Transportation*, 18 M.S.P.R. 281, 283 (1983).

asks the Board to reconsider the penalty. *Id.* at 2-3. He also cites a coworker's statement of "that's why we don't want you here" as showing a conflict with that individual, and resubmits a list of 14 "highlited [sic] incidents" from his appeal in an apparent reiteration of his retaliation claim. *Id.* at 3-4; *see* IAF, Tab 22. The agency responds in opposition to the appellant's petition for review. PFR File, Tab 3.

## ANALYSIS

### The agency met its burden of proving the charges but remand is required for further adjudication of the appellant's affirmative defense of reprisal.

¶4 We agree with the administrative judge that the agency proved its charges by preponderant evidence. ID at 3-12. The administrative judge based her findings significantly on hearing testimony, *see id.*, and the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so, *e.g.*, *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

¶5 The administrative judge found that the agency proved the first charge, which comprised three specifications of using offensive language in the workplace, finding the testimony before her was consistent with and corroborative of the documentary evidence offered in support of the agency's charge and also was more credible than the appellant's denial that he engaged in the conduct at issue. ID at 3-7. The administrative judge acknowledged the statement of the appellant's coworker regarding the appellant's presence in the workplace that the appellant cites on review, PFR File, Tab 1 at 2, explicitly noting the coworker's admission that he "did not like working with the appellant." However, the administrative judge found that the appellant's own statements and hearing testimony essentially corroborated the coworker's testimony regarding the appellant's use of offensive language in the workplace.

ID at 4-5. On review, the appellant offers no sufficiently sound reason to revisit the administrative judge's well-founded conclusions. *Haebe*, 288 F.3d at 1301.

¶6        As for the appellant's contention that his supervisor used offensive language, the record does not reflect that the appellant argued in his appeal below that his supervisor did so. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Moreover, regarding this charge, the record reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility. ID at 3-5; *see, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶7        Likewise, the administrative judge found that the agency proved the second charge, which comprised three specifications of inappropriate physical contact with a coworker, on the strength and consistency of multiple witnesses' sworn statements and testimony, specifically determining that the reticence shown by one of the witnesses concerned her apprehension about the negative consequences of her testimony on the appellant's employment, but that this reticence did not reflect any doubt or uncertainty about the facts to which she testified. ID at 7-10. Concerning the appellant's argument that his inappropriate physical contact with a coworker was instead an honest accident, the appellant again challenges the administrative judge's findings, PFR File, Tab 1 at 2-3, but he provides no basis to disturb the administrative judge's well-reasoned determination that the agency established this charge by preponderant evidence through both documentary evidence and live testimony, ID at 7-10; *Crosby*, 74 M.S.P.R. at 105-06; *Broughton*, 33 M.S.P.R. at 359.

¶8　　　　Based on the testimony before her, the administrative judge also found that the agency proved the third charge, which comprised two specifications of failure to follow instructions, rejecting the appellant's contentions that he just had been in the bathroom when he could not be found during his assigned duty hours, and finding that, even though he was instructed not to leave confidential patient records on the copier, he did so anyway.  ID at 10-12.  Again, we find that the appellant provides nothing on review that would cause us to revisit the administrative judge's findings.

¶9　　　　Although the appellant does not specifically address his affirmative defenses in his petition for review, the list he provides at the end of his petition touches on them, emphasizing, among other things, the fact that he filed an equal employment opportunity complaint as well as a prior removal action reversed by the Board.  PFR File, Tab 1 at 3.  As noted above, the administrative judge rejected the appellant's affirmative defense of race discrimination.  ID at 12-15.  However, following the issuance of the initial decision in this appeal, the Board issued *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), in which we reaffirmed that, instead of the burden-shifting analysis employed by the administrative judge to adjudicate the appellant's affirmative defenses in this matter, the Board would adhere to the test set forth in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977), in cases involving discrimination or retaliation allegations under 42 U.S.C. § 2000e-16.  *Savage*, 122 M.S.P.R. 612, ¶ 50.  Specifically, where an appellant asserts such an affirmative defense, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action.  *Id.*, ¶ 51.  If the appellant meets that burden, then we would inquire whether the agency has shown by preponderant evidence that it still would have taken the contested action in the absence of the discriminatory or retaliatory motive.  *Id.*  Given the administrative judge's finding, after a careful review of the record before her, that the appellant

provided no evidence that the agency took any of the actions cited in this appeal based on his race,[3] ID at 15, we find that the result would be the same under either the original or the post-*Savage* analysis. *See Savage*, 122 M.S.P.R. 612, ¶¶ 45-51; *Browder v. Department of the Navy*, 81 M.S.P.R. 71, ¶¶ 7-8 (1999), *aff'd*, 250 F.3d 763 (Fed. Cir. 2000) (Table).

¶10        However, as to the appellant's claim of retaliation for filing his prior Board appeal, we note that he included a whistleblower reprisal claim in that prior appeal. *See Clay v. Department of the Army*, MSPB Docket No. SF-0752-12-0406-I-1, Initial Decision at 10-12 (July 24, 2012). His reprisal claim therefore falls under 5 U.S.C. § 2302(b)(9)(A)(i), which makes it a prohibited personnel practice "to take or fail to take, or threaten to take or fail to take, any personnel action against any employee or applicant for employment because of the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation, with regard to remedying a violation" of 5 U.S.C. § 2302(b)(8). Under such circumstances, his retaliation claim in this appeal should be analyzed under 5 U.S.C. § 1221(e), rather than under the general reprisal standard utilized by the administrative judge here. ID at 15-17; *see Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 12-15 (2015) (applying the 5 U.S.C. § 1221(e) standard to an affirmative defense of reprisal under 5 U.S.C. § 2302(b)(9)(B)).

¶11        Upon remand, the administrative judge should apprise the appellant of his burden of proof, afford the parties an opportunity to conduct discovery on the issue, and hold a supplemental hearing if requested. She first must determine whether the appellant established that he engaged in such protected activity, then consider whether that activity was a contributing factor in the removal at issue in this appeal. *Alarid*, 122 M.S.P.R. 600, ¶ 13. If the appellant establishes those factors by preponderant evidence, then the administrative judge must consider

---

[3] We see no reason to disturb this finding on review.

whether the agency met its burden by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected activity. *Id.*, ¶ 14.  In the new initial decision, if the appellant fails to prove his affirmative defense of reprisal, then the administrative judge may adopt her original findings regarding nexus and the penalty.

## ORDER

¶12    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Opinion and Order.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.